**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6117

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAUN ANTONIO TAYLOR, a/k/a Diablo, a/k/a Blo, a/k/a Bosston Blo, a/k/a Bubba,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:19-cr-00036-RAJ-RJK-1; 2:23-cv-00487-RAJ)

Submitted:  November 24, 2025                    Decided:  March 3, 2026

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Rashaun Antonio Taylor, Appellant Pro Se.  Luke Bresnahan, Assistant United States Attorney, Norfolk, Virginia, James Reed Sawyers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Rashaun Antonio Taylor of conspiracy to commit racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d) (Count 1); use of a firearm, resulting in death, during the RICO conspiracy, in violation of 18 U.S.C. § 924(c)(1), (j) (Count 3); possession of a firearm as a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2)[*] (Count 5); and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 6).  The district court sentenced Taylor to 420 months' imprisonment on Count 1, 120 months' concurrent imprisonment on Count 5, and 240 months' concurrent imprisonment on Count 6.  Additionally, the district court sentenced Taylor to 120 months on Count 3, to be served consecutively, for a total term of 540 months' imprisonment.  Taylor appealed, and this court affirmed the criminal judgment.  *United States v. Taylor*, No. 20-4395, 2021 WL 3666679, at *1-2 (4th Cir. Aug. 18, 2021).

Taylor subsequently filed a 28 U.S.C. § 2255 motion raising several grounds for relief.  The district court granted Taylor's motion as to his claim that his § 924(c) conviction lacked a valid predicate crime of violence and, accordingly, vacated his conviction on Count 3 and its attendant 120-month consecutive sentence.  The court otherwise denied relief on Taylor's motion, and Taylor appealed.  We previously granted a partial certificate of appealability and directed informal briefing on the issue of whether, in light of

---

[*] Section 924(a)(2) was amended following Taylor's conviction and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

2

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), Taylor's trial counsel rendered ineffective assistance by failing to argue that the district court could not sentence Taylor to more than 20 years' imprisonment for conspiracy to commit racketeering.

As a preliminary matter, we grant Taylor's motions to file supplemental informal reply briefs. Upon review of the parties' submissions and the record, we affirm in part and dismiss in part.

To succeed on his claim of ineffective assistance of counsel, Taylor was required to show that (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Taylor had to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice prong, Taylor was required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The district court concluded that Taylor's racketeering offense carried an enhanced statutory maximum of life imprisonment. Taylor argues that his counsel should have objected to this conclusion under *Apprendi* because the jury failed to find beyond a reasonable doubt the facts supporting the application of the enhanced statutory maximum. Specifically, he contends that it is not clear that the jury found he committed first-degree murder, as opposed to second-degree murder, as part of the underlying racketeering activity. *See United States v. Huskey*, 90 F.4th 651, 674 (4th Cir.) (holding that, pursuant to *Apprendi*, RICO violator is subject to increased maximum sentence only if jury finds his

3

violation was based on racketeering activity punishable by life imprisonment), *cert. denied*, 144 S. Ct. 2544 (2024), *and cert. denied*, 144 S. Ct. 2546 (2024); Va. Code Ann. § 18.2-32 (West, Westlaw through 2025 Sess.) (specifying that second-degree murder is punishable by maximum of 40 years' imprisonment).

Assuming that counsel's performance was deficient, we conclude that Taylor has not made the required showing of prejudice. Applying the generally applicable 20-year statutory maximum to Taylor's racketeering offense, *see* 18 U.S.C. § 1963(a), Taylor's 420-month sentence still falls within the combined 600-month statutory maximum for his remaining three convictions. Therefore, the district court could have imposed the same total sentence, while still remaining within both the combined statutory maximum and the 20-year statutory maximum for the RICO conspiracy offense, by imposing a shorter sentence for that offense and running the sentences on each of the offenses consecutively to each other.

Furthermore, the district court thoroughly explained the chosen sentence in light of the 18 U.S.C. § 3553(a) factors, and nothing about the court's assessment of those factors suggests that it would have imposed a different sentence had counsel argued that *Apprendi* limited the statutory maximum on the racketeering offense to 20 years. Because the record thus demonstrates that the court would have imposed the same sentence, regardless of counsel's allegedly deficient performance, by running the terms for each of Taylor's convictions consecutively to each other, we discern no reversible error in the district court's denial of Taylor's *Apprendi*-based ineffective assistance claim.

4

The remainder of the district court's order is not appealable unless a circuit judge or justice issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have reviewed the record and conclude that Taylor has not made the requisite showing with regard to the remaining claims he pursues on appeal. Thus, we deny a certificate of appealability as to those claims.

Accordingly, we affirm in part as to the district court's denial of Taylor's *Apprendi*-based ineffective assistance claim, and we dismiss the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*